**SWISS–AMERICAN IMPORTING COMPA-NY, a Missouri Corporation, Plain-tiff-Respondent,**

**v.**

**VARIETY FOOD PRODUCTS COMPANY, a Corporation, Defendant-Appellant.**

**No. 33854.**

St. Louis Court of Appeals, Missouri.

June 15, 1971.

Motion for Rehearing and Modification or for Transfer to Supreme Court Denied Oct. 6, 1971.

Derrick & Holderle, Ronald A. McClary, Tyree C. Derrick, St. Louis, for defendant-appellant.

Shifrin, Treiman, Schermer & Gallop, Israel Treiman, St. Louis, for plaintiff-respondent.

SMITH, Commissioner.

This case reaches us on a second appeal, this one following a court determined judgment of $3000 damages to plaintiff as a result of defendant's breach of contract. On the former appeal this court held that defendant had breached an exclusive sales contract with plaintiff, that plaintiff was not entitled to injunctive relief, and that the award of damages by the trial court was premature as full development of this question had not been permitted at the trial. We remanded for new trial solely on the issue of plaintiff's damages. See Swiss-American Importing Company v. Variety Food Products Co., Mo.App., 436 S.W.2d 770.

Plaintiff's predecessor partnership and defendant entered into a contract in April 1965, providing for exclusive distribution within a specified area of defendant's product "La Tiara" taco shells and fillings by the partnership. Defendant breached this agreement on December 8, 1965, by selling these products to other distributors servicing the specified area, Carlstrom Foods, Inc. and later Wetterau Foods, Inc. This breach continued until January 4, 1967, when the partnership incorporated, which we held terminated the contract by express provision therein.

■ Defendant contends that there was no assignment of this cause of action by the partnership to the corporation and therefore the corporation is not the real party in interest. We held in the first appeal that the "* * * partners' interest in the present suit, was also transferred to the corporation, * * *" Swiss-American Importing Company v. Variety Food Products Co., *supra*, l. c. 773. That determination is the law of the case and we will not reexamine it now.

Defendant's remaining points are based upon the contention that plaintiff's proof was inadequate to establish the fact or amount of plaintiff's loss of profits. To establish the loss of profits, plaintiff started with the quantity of taco shells and taco fillings sold by defendant to Carlstrom and Wetterau during the period when defendant was in breach of the contract. To this

quantity it applied the contract price which it would have paid for the products. This gave it cost of the products. This figure was then subtracted from the price which plaintiff would have received from retailers for the products. The difference was $3608. Plaintiff's accountant also testified that plaintiff would have incurred less than $100 in additional cost in selling the products. This was based upon the fact that additional payroll would not have been required, no additional plant or depreciation was required, nor would the additional sales cause any increase in any other fixed overhead expense or create any new cost in excess of a hundred dollars.

The test for the recovery of anticipated or expected profits has been frequently stated in Missouri. As good a statement as any is that contained in Morrow v. Missouri Pac. Ry. Co., 140 Mo.App. 200, 123 S.W. 1034, l. c. 1039: " * * * Expected profits are in their nature contingent upon many changing circumstances, uncertain and remote at best. They may be recovered only when they are made reasonably certain by proof of actual facts, with present data for a rational estimate of their amount; and, when this is made to appear, they may be recoverable."

■ In short, the requirement for proof of loss of profits is not absolute certainty, but only a sufficient factual base that the estimate of the loss is not based upon speculation and conjecture. Tnemec Company v. North Kansas City Development Co., Mo., 290 S.W.2d 169 [4–6]; Hargis v. Sample, Mo., 306 S.W.2d 564 [4–7]; Anderson v. Abernathy, Mo., 339 S.W.2d 817 [5–7]; Red-E-Gas Company v. Meadows, Mo.App., 360 S.W.2d 236 [2, 3, 4, 5]; Coonis v. Rogers, Mo., 429 S.W.2d 709 [5, 6, 7]. A mere estimate or opinion of loss of profits, unsupported by factual evidence is insufficient to support an award of lost profits. Kopff v. Deves, Mo.App., 324 S.W.2d 768 [2, 3]; Red-E-Gas Company v. Meadows, *supra*, 360 S.W.2d 236 [2, 3].

In determining the amount of damages the law does not put the plaintiff in a better position than he would have been in had the contract been completed on both sides (Dingman v. Elizabeth Arden Sales Corp., Mo.App., 284 S.W.2d 16 [2]), but it does seek to allow him " * * * the value of the contract to him at the time of its breach *or the value of the promised performance,* or the value of the benefit contracted for. * * *" Boten v. Brecklein, Mo., 452 S.W.2d 86 [4–8]. (Emphasis supplied.) Although the award of damages is not punitive in nature, and granting that actual facts must appear upon which a rational estimate of the damages can be premised, we do not think a court is required to overlook the fact that the exact value of performance of the contract is seldom possible because defendant has blocked that performance. As stated in Hargis v. Sample, *supra,* 306 S.W.2d 564 [4–7]: " * * * one is not to be excused for a breach of contract resulting in damages simply because those damages may not be established with exact certainty. * * *"

■ We hold that plaintiff's proof was sufficient under the law of this state to provide a rational basis for estimating the amount of the loss of profits sustained by it. The product purchased by Carlstrom and Wetterau for distribution in plaintiff's area reflect a market for the product which would have inured to the benefit of plaintiff. We think it reasonable to conclude that sales made by plaintiff's competitors would have been made by plaintiff if defendant had not breached its contract and sold to those competitors. On the first appeal we found as a fact that Carlstrom and Wetterau had sold the products to customers of plaintiff.

Plaintiff's proof of the profit it would have made on those sales is also sufficient. What it proved, in essence, was that its net profit and gross profit on these sales would have been almost identical because

there would have been no additional cost of sales. This removes the case from that category of cases where a plaintiff fails to adduce evidence of what additional costs or overhead it would have incurred to make the additional sales. See Red-E-Gas Company v. Meadows, *supra;* Coonis v. Rogers, *supra;* Anderson v. Abernathy, *supra;* Kopff v. Deves, *supra.*

 Defendant points to two items of evidence which it contends show the inadequacy of plaintiff's proof. Plaintiff's witnesses testified it sold everything it ordered from defendant and ordered everything it needed. It is specious to contend that this establishes no damage. Plaintiff did not have to order from defendant products it could not sell with competition in order to show what it could have sold without. Plaintiff's accountant testified to the net profit of plaintiff in all its lines, a percentage amount considerably less than the profit percentage testified to by the accountant as that which would have been made on the taco shells and fillings sold by plaintiff's competitors. But plaintiff is not limited to a profit percentage of its overall business when its evidence establishes that as to these products its percentage would have been considerably larger than the average. These products do not have to bear their share of the overhead cost when it has been established that their sale would have added nothing to the overhead. The value of performance to plaintiff is what it would have made from selling the products defendant improperly sold to its competitors. Defendant contends that the trial court's award of damages was based on speculation because it was less than plaintiff's accountant testified to. Plaintiff has not appealed and defendant is in no position to complain of inadequate damages. The judgment was within the evidence, and we do not find it clearly erroneous.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

BRADY, P. J., WOLFE, J., and JAMES RUDDY, Special Judge, concur.

DOWD, J., not sitting.